UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA MICHAEL KOONCE,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.

Case No. 20-cv-11679
Honorable Laurie J. Michelson

**ORDER DENYING MOTION TO STAY [3]**

In 2013, a Livingston County Circuit Court jury convicted Joshua Koonce of second-degree home invasion. (ECF No. 1, PageID.1.) On January 23, 2014, Koonce was sentenced to fifteen to forty years in prison. (*Id.*) Koonce's conviction was affirmed on appeal. *People v. Koonce,* No. 320361 (Mich. Ct. App. Apr. 16, 2015); *lv. den.* 872 N.W.2d 457 (Mich. 2015). Koonce then filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Koonce,* No. 2013-021168-FH (Livingston County Cir. Ct., Jan. 8, 2018). The Michigan appellate courts denied Koonce leave to appeal. *People v. Koonce,* No. 344454 (Mich. Ct. App. Nov. 18, 2018); *lv. den.* 933 N.W.2d 266 (Mich. 2019).

On May 1, 2020, Koonce filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking this Court to grant him habeas relief on the two claims he raised in his post-conviction motion for relief from judgment. (ECF No. 1.) The claims presented in his petition are fully exhausted.

But Koonce also filed a motion to stay the case and hold the petition in abeyance to permit him to return to the state court to file a second motion for relief from judgment. (ECF No.

3.) Koonce wishes to return to the state courts to exhaust additional claims which are not currently part of his petition. A stay is not warranted here.

A federal district court may exercise its discretion to hold in abeyance a fully exhausted federal habeas petition pending the exhaustion of other claims in the state courts. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015); *Bowling v. Haeberline*, 246 F. App'x. 303, 306 (6th Cir. 2007) (holding that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served" (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 83 (1st Cir. 2002))).

Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose*, 587 N.W.2d 282 (Mich. 1998)). However, Rule 6.502(G)(2) also states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *See Banks*, 149 F. App'x at 418; *Hudson,* 68 F. Supp. 2d at 800–01.

Koonce does not allege in his motion to stay that the claims that he wishes to raise in a second motion for relief from judgment are based either on newly discovered evidence or a retroactive change in the law that occurred after his first motion for relief from judgment had been filed. Because Koonce has not shown that any of his claims come within the exceptions of 6.502(G)(2) that would permit the filing of a second motion for relief from judgment, he has not shown any likelihood that the Michigan courts will permit him to file a second post-conviction

motion for relief from judgment. *Cf. Banks*, 149 F. App'x at 419–20. So the Court finds that considerations of comity and judicial economy do not support a stay.

Accordingly, the Court DENIES Koonce's motion to stay and hold his habeas petition in abeyance. (ECF No. 3).

SO ORDERED.

Dated: July 30, 2020

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 30, 2020.

                                                    s/Erica Karhoff
                                                    Case Manager to the
                                                    Honorable Laurie J. Michelson