UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA MICHAEL KOONCE,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.

Case No. 20-cv-11679
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION [10], STAYING THE CASE AND HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS**

In 2013, a Livingston County Circuit Court jury convicted Joshua Koonce of second-degree home invasion. (ECF No. 1, PageID.1.) On January 23, 2014, Koonce was sentenced to fifteen to forty years in prison. (*Id.*) Koonce's conviction was affirmed on appeal. *People v. Koonce,* No. 320361 (Mich. Ct. App. Apr. 16, 2015); *lv. den.* 872 N.W.2d 457 (Mich. 2015). Koonce then filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Koonce,* No. 2013-021168-FH (Livingston County Cir. Ct., Jan. 8, 2018). The Michigan appellate courts denied Koonce leave to appeal. *People v. Koonce,* No. 344454 (Mich. Ct. App. Nov. 18, 2018); *lv. den.* 933 N.W.2d 266 (Mich. 2019).

On May 1, 2020, Koonce filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking this Court to grant him habeas relief on the two claims he raised in his post-conviction motion for relief from judgment. (ECF No. 1.) He also filed a motion to stay the case and hold the petition in abeyance to permit him to return to the state court to file a second motion for relief from judgment. (ECF No. 3.) The Court denied the motion because Koonce did not allege any facts that suggested he would be excused from the typical rule that a criminal defendant in

Michigan can file only one motion for relief from judgment. (ECF No. 8.) Koonce has now filed a motion for reconsideration. (ECF No. 10.) He alleges that the claims that he wishes to raise in a second motion for relief from judgment are based on newly discovered evidence that was not previously available to him. (*Id.*)

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

In his motion for reconsideration, Koonce includes key information that was missing from his original motion to stay. Koonce now explains that he wishes to bring a second motion for relief from judgment based on newly discovered evidence that was not previously available to him or to his appellate counsel at the time of his appeal of right or his first post-conviction motion for relief from judgment. (ECF No. 10, PageID.42.) Koonce specifically claims that he has newly discovered evidence that a competency hearing took place in the state courts which was never transcribed and that this evidence supports the claims he wishes to raise in a second motion for relief from judgment. (*Id.*)

A federal district court may exercise its discretion to hold in abeyance a fully exhausted federal habeas petition pending the exhaustion of other claims in the state courts. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015); *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (holding that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would

be served" (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 83 (1st Cir. 2002))).

In light of the new information provided by Koonce, the Court finds that it is in the interest of justice and judicial economy to stay and hold in abeyance Koonce's habeas petition to allow him to pursue a second motion for relief from judgment in the state courts.

Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose*, 587 N.W.2d 282 (Mich. 1998)). However, Rule 6.502(G)(2) also states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *See Banks*, 149 F. App'x at 418; *Hudson,* 68 F. Supp. 2d at 800–01. Because Koonce alleges he has newly discovered evidence, it is plausible that the state courts will allow him to file a second motion for relief from judgment. And the Court cannot say that Koonce's additional claims are "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Koonce would be prejudiced if the Court were to adjudicate his habeas petition "and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Proceeding in parallel with state post-conviction proceedings would not only burden Koonce, it would also risk "wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

3

Koonce should have advised the Court in his original motion to stay about his reasons for seeking to file a second motion for relief from judgment. But now that he has explained his reasons and disclosed that he has newly discovered evidence, the Court will GRANT Koonce's motion for reconsideration (ECF No. 10) and GRANT his request to stay his case and hold his habeas petition in abeyance (ECF No. 3.)

Koonce must file a motion for relief from judgment in state court within 60 days of entry of this order. Should Koonce wish to pursue federal habeas relief on his additional claims following state post-conviction review, he may file a motion to reopen this case along with an amended petition within 60 days after the conclusion of the state-court post-conviction proceedings. *See Hargrove v. Brigano*, 300 F. 3d 717, 721 (6th Cir. 2002).

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of Koonce's habeas petition. *Thomas,* 89 F. Supp. 3d at 943–44.

SO ORDERED.

Dated: August 31, 2020　　　　　　　　　　　s/Laurie J. Michelson
　Detroit, Michigan　　　　　　　　　　　　LAURIE J. MICHELSON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2020

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky on behalf of
　　　　　　　　　　　　　　　　　　　　　Erica Karhoff
　　　　　　　　　　　　　　　　　　　　　Case Manager to the
　　　　　　　　　　　　　　　　　　　　　Honorable Laurie J. Michelson