UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA MICHAEL KOONCE,

     Plaintiff,

v.

RANDEE REWERTS,

     Defendant.

Case No. 20-11679
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS [1]**

---

Joshua Michael Koonce, currently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree home invasion and the application of a habitual offender enhancement to his sentence. (ECF No. 1.) Respondent moved to dismiss Koonce's petition (ECF No. 15) on the ground that it was untimely.  The Court agrees. Thus, the petition is dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

## I.

In 2013, a jury in Livingston County Circuit Court convicted Joshua Koonce of second-degree home invasion. (ECF No. 1, PageID.1.) On January 23, 2014, Koonce was sentenced to fifteen to forty years in prison. (*Id.*) Koonce's conviction was affirmed on appeal. *People v. Koonce*, No. 320361, 2015 WL 1740120 (Mich. Ct. App. Apr. 16, 2015); *lv. den*. 872 N.W.2d 457 (Mich. 2015).

On October 30, 2017, Koonce filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Koonce*, No. 2013-021168-FH (Livingston County Cir. Ct., Jan. 8, 2018) (ECF No. 16-12, PageID.1136–38.) The Michigan appellate courts denied Koonce leave to appeal that order. *People v. Koonce*, No. 344454 (Mich. Ct. App. Nov. 18, 2018) (ECF No. 16-12, PageID.1113), *lv. den.* 933 N.W.2d 266 (Mich. 2019).

That procedural history leads to this case. On May 1, 2020, Koonce filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking this Court to grant him habeas relief on the two claims he raised in his post-conviction motion for relief from judgment. (ECF No. 1.) Koonce also filed a motion to stay the case and hold the petition in abeyance to permit him to return to the state court to file a second motion for relief from judgment. (ECF No. 3.) The Court initially denied the motion because Koonce did not allege any facts that suggested he would be excused from the rule that a criminal defendant in Michigan can file only one motion for relief from judgment. *Koonce v. Jackson*, No. 20-11679, 2020 WL 8765939 (E.D. Mich. July 30, 2020).

Koonce then filed a motion for reconsideration. (ECF No. 10.) He alleged that the claims he wished to raise in a second motion for relief from judgment were based on newly discovered evidence that was not previously available to him. (*Id.*) This Court granted the motion, held the petition in abeyance to permit Koonce to return to the state court to attempt to exhaust his new claims in a second motion for relief

from judgment, and administratively closed the case. *Koonce v. Jackson*, No. 20-CV-11679, 2020 WL 8717111 (E.D. Mich. Aug. 31, 2020.)

Koonce then filed a second motion for relief from judgment with the state trial court. Because Koonce did not identify any retroactive change in the law or newly discovered evidence, the trial court denied the motion, citing Michigan Court Rule 6.502(G). *People v. Koonce*, No. 2013-021168-FH (Livingston County Cir. Ct., June 3, 2020) (ECF No. 16-7.) Koonce did not appeal the denial of this motion.

Koonce then filed a third post-conviction motion for relief from judgment with the trial court, raising the claims that he had informed this Court he wished to raise in his motion for reconsideration. The trial court denied this third motion on September 20, 2021, ruling that (1) Koonce's evidence was not actually newly discovered and therefore did not meet the exception to file a successive motion for relief from judgment contained within M.C.R. 6.502(G), and (2) even if he could file a successive motion, his claims were meritless or defaulted. *People v. Koonce*, No. 2013-021168-FH, at *6–8 (Livingston County Cir. Ct., Sept. 20, 2021) (ECF No. 16-10, PageID.1023–1025.) The Michigan appellate courts denied both of Koonce's applications for leave to appeal as being barred under M.C.R. 6.502(G). *People v. Koonce,* No. 359702 (Mich. Ct. App. May 5, 2022) (ECF No. 16-13, PageID.1140.), *lv. den.* 978 N.W.2d 835 (Mich. 2022).

Not to be deterred, Koonce again returned to the state trial court and filed a fourth motion for relief from judgment, although he did not call it that. The trial court recharacterized it as such, *see People v. Koonce*, No. 2013-021168-FH (Livingston

County Cir. Ct., Mar. 22, 2023) (ECF No. 17-2) and denied the motion because it did not come within one of the exceptions to file a successive motion *People v. Koonce*, No. 2013-021168-FH, at *5 (Livingston County Cir. Ct., Mar. 24, 2023) (ECF No. 17-3, PageID.1875.)  The Michigan appellate courts again denied Koonce leave to appeal. *People v. Koonce,* No. 366861 (Mich. Ct. App. Jan. 3, 2024) (ECF No. 16-14, PageID.1307.); *lv. den.* 8 N.W.3d 597 (Mich. 2024).

On September 20, 2024, Koonce returned to this Court and filed a motion to re-open this habeas action. (ECF No. 12.)  He also moved to file an amended petition, in which he seemed to ask this Court to again stay the case so that he could raise additional claims in the state courts. (ECF No. 13, PageID.61–64 (9/20/24 Mot. to File Protective Pet. to Stay and Abey).)  This Court granted the motion to reopen the case and allowed Koonce to file an amended petition if he chose, but denied the motion to stay. *Koonce v. Rewerts*, No. 20-11679, 2024 WL 4868653 (E.D. Mich. Oct. 3, 2024). This Court also amended the caption to properly identify the warden of the facility where Koonce was detained and ordered the State to file an answer. *Id.*

Because the habeas petition was not timely filed, and because Koonce does not allege facts that would have tolled the statute of limitations, the Court DENIES the habeas petition with prejudice.

## II.

When invoking the statute of limitations, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir. 1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415–16 (6th Cir. 2007);

*Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at *1–2 (6th Cir. Jan. 8, 2019) (finding the district court properly dismissed a habeas petition on statute-of-limitations grounds under Habeas Rule 4).

The governing provision under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), imposes a one-year statute of limitations upon petitions for habeas relief that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year limitations period, although not jurisdictional, is a "gateway requirement" that, as the Sixth Circuit has explained, "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009)

## A.

As a baseline rule, for Michigan petitioners like Koonce, AEDPA's one-year limitations period begins 90 days after the Michigan Supreme Court denies leave to

appeal, i.e., after the time period for seeking certiorari with the U.S. Supreme Court expired. *See Holbrook v. Curtin*, 833 F.3d 612, 613 (6th Cir. 2016); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining that a State prisoner's direct appeal concludes for the purposes of AEDPA's one-year limitations period when the "availability of direct appeal" to both the State courts and the Supreme Court has been exhausted). So Koonce's judgment became final on March 21, 2016, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

But Koonce did not file his petition for writ of habeas corpus with this Court by March 21, 2017. He did not file it until May 1, 2020. (ECF No. 1.) So the Court must determine whether any portions of his state court collateral proceedings tolled his limitations period under AEDPA.

## B.

Koonce filed his first post-conviction motion in state court on October 30, 2017, (ECF No. 1, PageID.11; ECF No. 16-12, PageID.1134), after his one-year limitations period under AEDPA already expired.[1] This does not provide any tolling under 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002); *Smith v. Meko*, 709 F. App'x 341, 345 (6th Cir. 2017) (limitations

---

[1] Koonce claimed in one of the state court pleadings that he actually filed his first post-conviction motion with the trial court earlier, on October 15, 2017. (ECF No. 13, PageID.144.) Even if the Court considers this earlier date, it was still after the one-year limitations period expired on March 22, 2017.

period was not tolled by petitioner's state collateral attack that was filed after AEDPA one-year limitations expired.).

The same goes for Koonce's second, third, and fourth post-conviction motions. First, these motions were also filed in the state court after the expiration of the limitations period, so they did not toll the limitations period. *See Parker v. Renico,* 105 F. App'x 16, 18 (6th Cir. 2004). Second, these motions were rejected by the state courts pursuant to Michigan Court Rule 6.502(G), and the Sixth Circuit has ruled that such successive motions do not qualify as properly filed applications for post-conviction relief that toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett,* 670 F.3d 729, 733 (6th Cir. 2012). And third, appeals from the denial of a successive motion for relief from judgment do not toll the limitations period. *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013).

So these motions were not timely filed, and the state determined that they did not fall within one of the exceptions under Michigan Court Rule 6.502(G) that would allow the filing of such a motion. "'Federal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law.'" *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003) (quoting *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001)). And that is what the Court does here.

## C.

Koonce pushes back on his statute of limitations problem under § 2244(d)(1)(A), by relying on § 2244(d)(1)(D). (ECF No. 10, PageID.42–43.)

7

Under this provision, AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through the exercise of due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 898 (6th Cir. 2005). But "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at p. 772. Moreover, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Jefferson v. United States*, 730 F. 3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

In his motion for reconsideration filed after this Court denied his original motion to stay (ECF No. 10), Koonce argued that he had newly discovered evidence concerning a competency hearing that took place in the trial court but was not transcribed until July 2020. (*Id.* at PageID.42–43.) This Court agreed to hold the petition in abeyance to permit Koonce to return to the state courts to attempt to raise this claim in a successive motion for relief from judgment under the newly discovered

8

evidence exception in Rule 6.502(G)(2). (ECF No. 14.) The state court judge, however, concluded that the competency proceedings did not qualify as newly discovered evidence within the meaning of this court rule. *People v. Koonce*, No. 2013-021168-FH, at *6 (Livingston County Cir. Ct., Sept. 20, 2021); (ECF No. 16-10, PageID.1023.) He explained that the transcript of the hearing did not make what occurred at the hearing "newly discovered" evidence. (*Id.*) Indeed, Koonce and his attorneys attended the competency hearings and learned the facts revealed during them. (*Id.*) In short, the state court concluded, "such proceedings were available and could have been discovered and produced using reasonable diligence. . . . It would seem that the transcript was simply not produced until requested." (*Id.*)

The Court agrees. Koonce "offers no authority for finding that a long-lost transcript of an evidentiary hearing that he presumably attended could constitute such [newly-discovered] evidence." *Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008). In addition, Koonce has done little to show that he exercised due diligence in attempting to obtain the transcript from the 2013 competency hearing earlier. Thus, § 2244(d)(1)(D) does not save his petition from being time-barred. *See Townsend v. Lafler*, 99 F. App'x 606, 608–09 (6th Cir. 2004).

Koonce's other arguments about newly-discovered evidence fare no better. Koonce submitted an affidavit stating that he recently discovered "a packet of 11-pages of information from the Internet outlining a host of disgruntled former clients of" his trial attorney. (ECF No. 13, PageID.86.) But this has no bearing on whether he timely filed his habeas petition. Koonce makes no connection between the caliber

of his trial counsel and his own diligence, or lack thereof, in discovering the factual predicates underlying the claims presented in this petition. *See Jefferson,* 730 F.3d at 547. So even considering § 2244(d)(1)(D), Koonce's petition is untimely.

## D.

That leaves equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010). This narrow relief is available to a habeas petitioner "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  Here, Koonce failed to even argue, let alone show, that the facts of the case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

Nor has he made a showing of actual innocence which can also support equitable tolling. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* Such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schup v. Delo*, 513 U.S. 298, 324 (1995), But "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schup,* 513 U.S. at 329).

Koonce's case falls outside of this tolling exception because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).

### III.

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE Koonce's Petition for a writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2244 (d)(1). A final judgment and order denying a certificate of appealability will be entered separately.

IT IS SO ORDERED.


Dated: January 20, 2026


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE